UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CIV-21373-LENARD/GOODMAN

BARBARA BRUSH, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

MIAMI BEACH HEALTHCARE GROUP, LTD. d/b/a AVENTURA HOSPITAL AND MEDICAL CENTER, a Florida Limited Partnership, and HCA-EMCARE HOLDINGS, LLC d/b/a/ VALESCO VENTURES, a Delaware Corporation,

        Defendants.
_____/

**DEFENDANTS' JOINT MOTION FOR CLARIFICATION
REGARDING RULING ON MOTION TO DISMISS**

Pursuant to Rule 60 of the Federal Rules of Civil Procedure, Defendants Miami Beach Healthcare Group, Ltd. d/b/a Aventura Hospital and Medical Center, and HCA-EmCare Holdings, LLC (collectively, the "Defendants"), by and through their undersigned counsel, hereby seek clarification from the Court with respect to the February 17, 2017 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (the "Order") [DE 77]. In support thereof, Defendants state as follows:

**Memorandum of Law**

Defendants seek clarification of one paragraph of the Order, which describes an admission made by Defendants, which they have expressly not made. For this reason, as more fully explained below, Defendants respectfully request to the Court to clarify the ruling.

Specifically, Defendants seek clarification of the following paragraph:

> Defendants cannot plausibly contest that they breached this duty, because they have admitted than an employee accessed patient information without prior authorization and shared or sold that information to third parties.

See Order [DE 77] at 8-9 (citing the conclusion that "Defendants owed Plaintiff a duty to protect her private data." (citing *Weinberg v. Advanced Data Processing, Inc.*, 147 F. Supp. 3d 1359, 1363 (S.D. Fla. 2015) (holding that ambulance service had a duty to exercise reasonable care in safeguarding and protecting the plaintiff's sensitive information)).

While the Court's Order can be interpreted as describing the alleged duty and suggesting that Plaintiff has adequately **alleged** a breach of that duty for purposes of the motion to dismiss, the Court's Order could also be interpreted as concluding that Defendants' defensive motions somehow admitted these allegations as true.

Defendant Aventura Hospital and Medical Center has never stated in its Court filings that that the individual at issue was its employee. Indeed, the individual was never Aventura Hospital and Medical Center's employee. He instead worked for HCA-EmCare Holdings, LLC, an administrative services provider of a physician practice that employed and staffed its own hospitalist physicians and emergency department physicians who had medical staff privileges at Aventura Hospital and Medical Center. Further, Defendants respectfully submit that nowhere in their court filings have they admitted that an employee accessed patient information without prior authorization nor have they admitted that the individual shared or sold any particular patient's information to third parties. Defendants' motion practice in this matter has exclusively described Plaintiff's allegations that an employee accessed patient information without authorization as just that – allegations:

> Plaintiff **alleges** that – during the period of September 2012 through June 2013 – one of Defendants' employees accessed patient records, including hers, without authorization. (Compl. ¶¶ 7-8, 49). Plaintiff

2

> further **alleges** that this access resulted in the sale or disclosure of her information to a third party, who subsequently used that information to "file a fraudulent tax return using her name and Social Security number." (Compl. ¶ 50).

Motion to Dismiss the Complaint [DE 21] at 4 (emphasis added).  Respectfully, Defendants have not "admitted" these allegations.

Defendants have consistently challenged, rather than admitted, that an employee accessed patient information without prior authorization.

Defendants have yet to substantively contest Plaintiff's allegations, as the standard of review of a motion to dismiss is only to determine if a complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Defendants' Motion to Dismiss has accepted the factual matter in Plaintiff's Complaint as true for the purposes of the motion, but has not admitted Plaintiff's allegations.

WHEREFORE, for the reasons stated, the Hospital seeks clarification of the above-referenced paragraph in the Order Granting in Part and Denying in Part Defendants' Motion to Dismiss [DE 77], and for such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Walter J. Taché
Walter J. Taché, FBN 28850
wtache@tachebronis.com
Stephen J. Bronis, FBN 145970
sbronis@tachebronis.com
Magda C. Rodriguez, FBN 72688
mrodriguez@tachebronis.com
Gavrila A. Brotz, FBN 34594
gbrotz@tachebronis.com
TACHÉ, BRONIS, CHRISTIANSON AND DESCALZO, P.A.
150 Southeast 2nd Avenue, Suite 600
Miami, FL 33131

3

Telephone: 305-537-9565
Facsimile: 305-537-9567
*Attorneys for Miami Beach Healthcare Group, Ltd. d/b/a Aventura Hospital and Medical Center*

/s/Dan Gelber
DAN GELBER
Florida Bar No. 512877
dgelber@gsgpa.com
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@gsgpa.com
FREDDY FUNES
Florida Bar No. 87932
ffunes@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Telephone: (305) 728-0950
Facsimile: (305) 728-0951
E-service efilings@gsgpa.com

*Counsel for Defendant HCA-EmCare Holdings, LLC*

## **CERTIFICATE OF COMPLIANCE WITH RULE 7.1**

Pursuant to S.D. Fla. L. R. 7.1(a)(3), undersigned counsel for Miami Beach Healthcare Group, Ltd. d/b/a Aventura Hospital and Medical Center contacted counsel for Plaintiff on March 10, 2017, and are authorized to represent that the parties have been unable to resolve the issues raised in Defendants' Joint Motion for Clarification Regarding Ruling on Motion to Dismiss.

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 10, 2017, a true and correct copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system and served on all counsel receiving electronic notification via the Court's CM/ECF system.

          */s/ Walter J. Taché*
          Walter J. Taché, Esq.

**SERVICE LIST**

| | |
|---|---|
| Steven R. Jaffe<br>steve@pathtojustice.com<br>Mark S. Fistos<br>mark@pathtojustice.com<br>Seth Lehrman<br>seth@pathtojustice.com<br>Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.<br>425 N. Andrews Avenue, Suite 2<br>Fort Lauderdale  FL  33301<br>Telephone:  (954) 524-2820<br>Facsimile:  (954) 524-2822<br>*Attorneys for Plaintiff and the putative class* | Ari J. Scharg<br>ascharg@edelson.com<br>Benjamin S. Thomassen<br>bthomassen@edelson.com<br>EDELSON PC<br>350 North LaSalle Street, Suite 1300<br>Chicago, Illinois 60654<br>Telephone: (312) 589-6370<br>Facsimile: (312) 589-6378<br>*Attorneys for Plaintiff and the putative class* |