UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CIV-21373-LENARD/GOODMAN

BARBARA BRUSH,

 Plaintiff,

v.

MIAMI BEACH HEALTHCARE
GROUP, LTD., et al.,

 Defendants.
_____/

**AGREED[1] CONFIDENTIALITY AND PROTECTIVE ORDER**

Plaintiff Barbara Brush ("Plaintiff") and Defendants Miami Beach Healthcare Group, Ltd. d/b/a Aventura Hospital and Medical Center and HCA-EmCare Holdings, LLC d/b/a Valesco Ventures (collectively, "Defendants") filed a Joint Motion for Entry of Agreed Confidentiality and Protective Order. [ECF No. 88].

Because the parties expect that discovery is likely to involve the production of certain information and documents that Plaintiff or Defendants believe to be confidential due to content that may be sensitive, personal, commercial, proprietary, financial, or business-related information, the public disclosure of which could be

---

[1] The Undersigned has modified the proposed confidentiality agreement, particularly in sections 6(iii), 12, 14(i), and 18.

harmful to them, the parties submitted the proposed order. After having reviewed the proposed order, the Undersigned **orders** as follows:

The following Agreed Confidentiality and Protective Order (the "Order") shall govern the handling of documents, depositions, deposition exhibits, admissions, and any other information or material produced, given, or exchanged in connection with discovery in this action. For purposes of this Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Federal Rule of Civil Procedure 34 subpoena, by agreement, or otherwise. Documents that quote, summarize, or contain materials entitled to protection, such as interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs, may be accorded status as "Confidential" or "Highly Confidential Information," as defined below.

## I. CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION AND ITS USE

1. *"Confidential Information."* "Confidential Information" includes any document, testimony, response to discovery request, transcription of a deposition, or other information, that is designated as "Confidential" by any Party pursuant to this Order. A Party may designate as "Confidential" any nonpublic information produced in this litigation which it believes constitutes or contains proprietary or commercially sensitive

business or financial information, trade secrets, personal information, or information that otherwise meets the standards for protection set forth in Rule 26(c) of the Federal Rules of Civil Procedure (the "Rules"). This Order is applicable to the Parties and, as defined hereafter: other law firm attorneys, law firm personnel, outside consultants/experts/vendors, service bureaus, and other qualified persons.

2. *"Highly Confidential Information."* "Highly Confidential" includes any document, testimony, response to discovery request, transcription of a deposition, or other information, that is designated as "Highly Confidential" by either Plaintiff or any Defendant pursuant to this Order. A Party may designate as "Highly Confidential" any highly sensitive Confidential Information whose disclosure to another party or non-party would create a substantial risk of injury, including without limitation economic or competitive injury, or information regarding patients other than Plaintiff. The Parties agree that information that is designated "Highly Confidential" will be subject to enhanced security measures governing the access, storage and safekeeping of such information as set forth in Section II.6., below.

3. *Restrictions on Use of Confidential or Highly Confidential Information.* All Confidential or Highly Confidential Information shall be used solely for the purpose of this litigation and for no other purpose whatsoever and shall not be disclosed to any person or entity except in accordance with the terms of this Order. Notwithstanding the

foregoing, a Party is not restricted in the use of its own Confidential or Highly Confidential Information that it produces.

## II. RESTRICTIONS ON ACCESS TO CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION

4. *Access to information designated "Confidential" or "Highly Confidential."* Access to information that is designated "Confidential" or "Highly Confidential" shall be limited to: (a) Defendants or employees of each of the Defendants required in good faith to provide assistance in the conduct of this action; (b) counsel of record for any Party, other law firm attorneys and law firm personnel; (c) service bureaus; (d) outside consultants/experts; (e) persons shown on the face of a document to have authored or received it; (f) other qualified persons; and (g) the Court and its employees.

5. *Definitions.* Certain terms referenced above are defined as follows:

(i) *"Other law firm attorneys"* means attorneys who are members or employees of the law firms of record for any party, but who are not themselves counsel of record.  This term will also include any in-house counsel for any of the Parties.

(ii) *"Law firm personnel"* means regular full-time or part-time employees of the law firms of record for any Party to whom it is necessary that the Confidential or Highly Confidential Information in question be disclosed for purposes of this litigation.

(iii)   *"Outside consultant/expert"* means any person, not employed by the receiving Party, who is retained by that Party or its attorneys of record in this matter, for the purposes of assisting in preparation of this litigation for trial or for testifying at trial, such as an accountant, statistician, or economist, *provided the person has executed the written assurance attached as* **Exhibit A.** The Party engaging such outside consultant/expert shall retain such written assurance until at least sixty (60) days after termination of this litigation, but need not provide them to the opposing Party absent a Court order entered upon a showing of good cause.

(iv)   *"Service bureau"* means a company or person that is engaged by counsel of record to perform court reporting or clerical-type services in connection with this litigation, e.g., court reporting, photocopying, imaging, computer data entry, clerical aides, trial preparation firms, graphics firms, and other professional vendors and/or contractors to whom disclosure is reasonably necessary for this litigation; *provided the company or person is bound to protect Confidential or Highly Confidential information either by their service contracts with counsel or by execution of the written assurances attached as* **Exhibit A.**

(v)   *"Other qualified persons"* means any other person: (i) who is a deposition witness shown Confidential or Highly Confidential Information during or in preparation for his or her deposition in this case, *provided any person granted access to information designated Confidential or Highly Confidential during or*

5

*in preparation for his or her deposition has executed the written assurance attached as Exhibit A;* or (ii) who is so designated by (1) order of the Court after notice to all Parties, and an opportunity to be heard, or (2) written agreement of the producing Party. To the extent that other provisions of this Order would not permit a deponent to be shown a document and/or information designated as Confidential or Highly Confidential without signing Exhibit A, the Parties agree to request and urge that the deponent sign Exhibit A.

6. *Access to information designated "Highly Confidential."*

(i) *Storage.* All information designed "Highly Confidential" will be stored in Edelson PC's office in a secure evidence room on a computer with full disk encryption.

(ii) *Production.* Information that is designated "Highly Confidential" shall be encrypted and transmitted solely to counsel at Edelson, PC. This "Highly Confidential" information shall be maintained within within Edelson, PC's secure evidence room and shall not be transmitted, electronically or in hard copy, by Edelson, PC to any person.

(iii) *Viewing.* Absent prior written agreement from the producing party, Counsel for Plaintiff or Plaintiff's expert witness or consultants with a need to view "Highly Confidential" information will only do so within Edelson PC's office on a computer (a "Review Computer") that is configured such that all

6

means of Internet connectivity and printing capability are disabled. The Review Computer may be used outside of Edelson PC's secure evidence room (but within Edelson PC's office) as long as it remains in physical possession of Counsel for Plaintiff or Plaintiff's expert witness or consultants. Upon completion of any such review, the Review Computer will be returned to the secure evidence room for storage. In the event that Plaintiff's counsel or their experts or consultants believe that it is necessary to print or otherwise duplicate in any manner any "Highly Confidential" information, Plaintiff shall confer with counsel for the producing party to obtain their agreement before doing so, or if no agreement can be met, upon order from the Court authorizing such printing and disclosure. If no agreement can be met, then the Parties shall seek an order from the Court in accordance with the Undersigned's discovery procedures Order [ECF No. 25].

7. *Confidential or Highly Confidential Information of non-parties.* In the event that a Party seeks discovery from a non-party to this action, the non-party may designate its responsive information "Confidential" or "Highly Confidential" so that such information is subject to the terms of this Order and that producing non-party shall then be a producing Party under this Order.

8. *Disclosure to certain persons associated with producing party.* Nothing in this Order shall preclude any Party from showing a document designated as Confidential

7

Information or Highly Confidential Information to an individual currently employed by the documents' producing Party. Nor shall anything in this Order preclude a producing Party from using, in its business as it wishes, any documents it produces itself in this action.

9. *No waiver of rights.* Nothing contained in this Order shall be construed as a waiver by any producing Party of its right to object to the subject matter or scope of any request for production of documents or information in this matter. This Order shall be without prejudice to the right of a producing Party to request additional confidentiality protection from the Court.

## III. DESIGNATION AND LABELING OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION

10. *Labeling.* Information being designated as protected that is in documentary or other tangible form shall be bates labeled or stamped as "Confidential" or "Highly Confidential." Information being designated as protected that is not in documentary or other tangible form, or that cannot conveniently be labeled, shall be designated and/or categorized by the designating Party in a writing provided to the receiving Party at the time of production.

11. *Indiscriminate labeling.* Indiscriminate or routinized designations shall not be made in a manner so as to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties. The Parties

shall confer, in good faith, to address any designations believed to be either indiscriminate or routinized and shall follow the procedure described in ¶ 12, below.

12.     *Requests for re-designating Confidential or Highly Confidential Information.*  At any time that a Party believes that a document or information which has been classified as "Confidential" or "Highly Confidential" should be declassified from its indicated status, counsel for the Party desiring declassification shall notify the designating Party's counsel in writing of its request for declassification.  Such request shall particularly identify the "Confidential" or "Highly Confidential" information that the Party requesting declassification contends is not confidential and the reasons supporting its contentions. The Parties shall attempt in good faith to resolve any such dispute informally.

If the Parties cannot resolve the issue of declassification within fifteen (15) days after the Parties' conference, then it shall be the obligation of the Party requesting declassification to request a court order in accordance with the Undersigned's discovery procedures Order [ECF No. 25] determining whether the disputed information should be subject to the terms of this Order. The burden to demonstrate that the information identified as "Confidential" or "Highly Confidential" is subject to the confidentiality protections contained in this Order shall be governed by applicable law in this District and Circuit. If such a dispute arises, then the disputed information shall be treated as "Confidential" or "Highly Confidential" until the Court enters a ruling.  If the Party

requesting declassification does not request a Court order, the information shall continue to be treated as "Confidential" or "Highly Confidential."

13. *Designation of and procedure for any deposition testimony.* The following procedures shall be followed if Confidential or Highly Confidential information is discussed or disclosed in any deposition permitted in this proceeding.

(i) The designating Party shall have the right to exclude from attendance at the deposition, during such time the designating Party reasonably believes the Confidential or Highly Confidential information will be discussed or disclosed, any person other than the deponent, court reporter, and persons entitled to access to the Confidential or Highly Confidential information.

(ii) At any time on the record during a deposition, a Party may designate any portion of the deposition and transcript thereof to be "Confidential" or "Highly Confidential."  If such a request is made on the record during the deposition, then the reporter shall later indicate on the cover page of the transcript that the transcript contains Confidential or Highly Confidential information and list the pages and line numbers of the transcript in which Confidential or Highly Confidential information is contained. No Party may designate an entire transcript Confidential or Highly Confidential, unless all Parties agree to such a designation.

(iii) Alternatively, such a designation of deposition confidentiality may be made in writing within twenty-one (21) days after counsel receives a copy of the transcript of the deposition. The designation shall contain a list of the numbers of the pages and lines of the transcript that are being designated as containing Confidential or Highly Confidential information. Such designation shall be provided in writing to all counsel of record. All counsel of record shall treat all deposition transcripts as Highly Confidential for the first twenty-one (21) days after receipt of such deposition transcripts.

**IV.   MISCELLANEOUS**

14. *Treatment of Confidential or Highly Confidential information at trial or in court filings.* In the event that a Party or non-party bound by this Order intends to display any Confidential or Highly Confidential information in open court at any hearing or trial of this action, such Party shall inform the Court, the designating Party and all other Parties to this action of its intention to do so and identify the Confidential or Highly Confidential information it intends to disclose. The designating Party shall then have the opportunity to move orally, or as the Court otherwise directs to appropriately protect the information. The Court may enter orders as it deems appropriate to protect the confidentiality of any Confidential or Highly Confidential information discussed, or to be discussed, at hearings and trial.

(i) *Filing of Confidential or Highly Confidential information under seal.* A Party seeking to file Confidential or Highly Confidential information under seal shall fully comply with the procedures set forth in S.D. Fla. L.R. 5.4 and Section 5A of the CM/ECF Administrative Procedures. No provisions within this Order are to be construed as to supersede the requirements and procedures in S.D. Fla. L.R. 5.4. Submissions filed with the Clerk's office are presumptively open and accessible to the public. A party seeking to file material under seal shall have the burden of demonstrating why sealing is necessary -- especially if the material is filed in connection with a request for a substantive ruling, like a summary judgment motion.

15. *Return and destruction of documents.* Within sixty (60) days of final termination of this matter including any appeals or right to appeal, the attorneys of record for each receiving Party shall either destroy or return to each producing Party or its attorney of record all Confidential or Highly Confidential information (and any copies thereof) that have been furnished to it by the producing Party, with the following exceptions. If such Confidential or Highly Confidential information received by the receiving Party is destroyed in lieu of being returned to the producing Party, then appropriate certification of destruction shall be furnished by the receiving Party. Notwithstanding the foregoing, the Parties agree that each Party shall be entitled to retain for their files a complete set of pleadings (including exhibits) filed in and depositions (with exhibits)

12

taken in the case, irrespective of whether they contain Confidential or Highly Confidential information. Those materials shall be separately stored in accordance with the provisions of Section II.6, *supra.*

      16.  *Subpoena by other courts, agencies or persons.*  If another court, agency or person subpoenas or orders production of Confidential or Highly Confidential information that a Party has obtained under the terms of this Order, then such Party shall immediately notify the designating Party upon learning of such subpoena or order, in writing, and shall not produce or otherwise disclose the Confidential or Highly Confidential information if the designating Party timely applies for a protective order for such Confidential or Highly Confidential information or otherwise takes timely, appropriate steps to protect the materials.  To give the designating Party an opportunity to obtain relief from the subpoena or order, the Party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or court order.  Nothing in this Order requires or is meant to permit a Party to disobey a lawful directive from a court.

      17.  *Inadvertent production of Confidential or Highly Confidential information.*  If a party inadvertently fails to designate information as "Confidential" or "Highly Confidential" in accordance with this Order prior to or at the time of disclosure, then it may notify the Parties that it intends to designate such material as "Confidential" or "Highly Confidential" prior to trial. In the event that the designating Party designates

information as "Confidential" or "Highly Confidential" after disclosure but before trial, the Parties receiving such material shall ensure that all inadvertently disclosed information is subsequently treated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order.

18.  *Inadvertent production of privileged material*. Consistent with Federal Rule of Civil Procedure 26(b)(5)(B), and Federal Rules of Evidence 502(b) and 502(d), if a party inadvertently produces or provides discovery that it believes is subject to a claim of privilege or of protection as trial-preparation material, then the inadvertent production is not and will not be construed or deemed to be a general or specific waiver or forfeiture of any such privilege, immunity or work product protection that the Producing Party would otherwise be entitled to assert with respect to the inadvertently disclosed information and its subject matter.

The Producing Party making the claim may notify the Receiving Party or parties in writing of the claim and the basis for it (and should identify the document by Bates number). Within seven (7) business days of receiving such notice, the Receiving Party or parties must return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information if the party disclosed it before being notified. Within five (5) business days after giving such notice of inadvertent production, the Producing Party will produce a privilege log specific to such documents

to the Receiving Party. The Receiving Party may, in accordance with the Undersigned's discovery procedures Order [ECF No. 25], request that the Court enter an order determining whether the material in question is protected from discovery by the asserted privilege or immunity. Before submitting any allegedly privileged material for *in camera* review, the parties shall request leave of Court to do so.

19. *Summaries, compilations, notes, copies, electronic images and databases.* Any summary, compilation, notes, copy, electronic image or database containing Confidential or Highly Confidential information shall be subject to the terms of this Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic image or database is made or derived.

20. *Modification.* Any Party may apply for modification of this Order upon reasonable notice to the other Parties and after counsel for the Party desiring modification shall have contacted opposing counsel to attempt to resolve the issue through negotiation.

21. *No admissions or waiver of objections.* Producing or receiving Confidential or Highly Confidential information, or otherwise complying with the terms of this Order, shall not: (a) operate as an admission by any Party that any particular Confidential or Highly Confidential information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a Party to object to the production of information or material that the Party does not consider to be within

the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a Party to apply to the Court for further protective orders; or (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for in this Order with respect to any particular information or material.

22.  *No waiver of objections to admissibility.* Nothing in this Order shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial of the action.

23*. Enforcement.*  A breach of the terms of this Order is subject to the full powers and jurisdiction of the Court, including but not limited to the imposition of remedies that the Court deems appropriate.

24.  *Non-termination.* The provisions of this Order shall not terminate at the conclusion of this action, but shall remain applicable as to any Confidential or Highly Confidential information covered by the terms of this Order, except such material which shall be destroyed pursuant to the provisions above.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on March 21, 2017.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**<u>Copies furnished to:</u>**
The Honorable Joan A. Lenard
All counsel of record

# EXHIBIT A

## WRITTEN ASSURANCE

_____ declares that:

I have read and I understand the terms of the Protective Order dated _____, filed in *Brush v. Miami Beach Healthcare Group, Ltd., et al.*, Case No.: 1:16-cv-21373-JAL, pending in the United States District Court for the Southern District of Florida. I agree to comply with and be bound by the provisions of the Confidentiality Protective Order entered on _____, 2016. I understand that any violation of the Confidentiality Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" or "Highly Confidential" obtained pursuant to such Confidentiality Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Confidentiality Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Confidentiality Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential" or "Highly Confidential" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Southern District of Florida for the purpose of enforcing or otherwise providing relief relating to the Confidentiality Protective Order.

Executed on:_____        _____

           (Date)                                                (Signature)